**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DAVID GEORGE MACLEAN,<br><br>                    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A".,<br><br>                    Defendants. | Case No. 1:25-cv-12319<br><br>**Judge Jorge L. Alonso**<br>**Magistrate Judge Albert Berry, III** |

**DEFENDANT BJ'S CHOICE'S MOTION TO  SET ASIDE DEFAULT JUDGMENT**

Defendants BJ's Choice ("Defendant"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(4) to set aside the Default Judgment entered against it on December 3, 2025 (ECF No. 28).

In light of the Seventh Circuit's recent mandate in *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026), Plaintiff's method of service by email and electronic publication was deficient. Because Plaintiff failed to establish the requisite individualized reasonable diligence prior to seeking alternative service, the service of process was insufficient. Consequently, this Court lacked personal jurisdiction over Defendant, rendering the Default Judgment void *ab initio*.

**I. BACKGROUND**

On October 8, 2025, Plaintiff filed a Complaint against Defendants alleging copyright infringement (ECF No. 1). On October 10, 2025, Plaintiff filed an *Ex Parte* Motion Motion for leave to conduct expedited discovery and service of process by email and/or electronic publication, as well as memorandum in support of such motion (ECF No. 12 and 13).

In its Memorandum in Support of the *Ex Parte* Motion, Plaintiff alleged on "information and belief" that Defendant "ha[s] provided false names and physical address information... in order to conceal their locations and avoid liability." (ECF No. 13 at 4). Plaintiff further asserted that "few, if any, provide a reliable physical address on the internet store," and concluded that because third-party marketplaces allegedly do not verify physical addresses, "such addresses are usually false" and thus "not a reliable means for identifying and locating Defendants." (ECF No.

13 at 5). Based entirely on this generalized assumption that all e-commerce addresses are "false and incomplete" (ECF No. 13 at 7), Plaintiff concluded that Defendant' address was not known, thereby purportedly triggering the exception to the Hague Convention and allowing for alternative service by email.

The Court authorized alternative service. Subsequently, the Court entered a Final Default Judgment Order against Defendant on December 3, 2025.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 55(c), a court may set aside a final default judgment under Rule 60(b). Rule 60(b)(4) provides that a court may relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void if the court that rendered it lacked personal jurisdiction over the defendant. *See Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851 (7th Cir. 2011). Valid service of process is a prerequisite to a district court's exercise of personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When a judgment is void for lack of personal jurisdiction, the district court must set the judgment aside.

In this case, the Default Judgment is void because Plaintiff request for electronic service did not meet the standard for alternative service under *Kangol*.

The Seventh Circuit's recent decision in *Kangol* found that the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents prohibits service of process by email where the Convention applies. The Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad" and "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. at 362. To invoke the exception, a plaintiff cannot simply declare an address unknown. Rather, the plaintiff must demonstrate reasonable diligence to ascertain a specific defendant's address before invoking the exception. *Kangol*, 2026 WL 1502198, at 5.

Plaintiff's request did not meet this standard. To bypass the Hague Convention, Plaintiff relied exclusively on generalizations, arguing that e-commerce physical addresses are "usually false" and therefore inherently "not a reliable means" for locating defendants. (ECF No. 13 at 5). Plaintiff used this blanket assumption as an excuse to conduct zero investigation into Defendant BJ's Choice's address.

Had Plaintiff conducted even the most basic, individualized diligence required by *Kangol*, it would have discovered that Plaintiff's representations to the Court were demonstrably false as applied to Defendant BJ's Choice. Contrary to Plaintiff's broad claims of "false and incomplete street addresses" (ECF No. 13 at 7), Defendant's complete business name wuhantianlanfadianzishangwuyouxiangongsi and its complete physical address at Room 301, Unit 1, Building 107, Tianshunyuan Group 1, Xindun, Gutian Fourth Road, Qiaokou District,

Wuhan, Hubei, 430034, China, was prominently and publicly displayed on Defendant's online storefront under "Detailed Seller Information."



Furthermore, this publicly displayed address is the official, registered address on Defendant's business license. Far from being an unverified or arbitrary input as Plaintiff presumed, this address is officially registered with government authorities and is easily verifiable. This directly contradicts Plaintiff's assertion that "no verification typically occurs for physical addresses." (ECF No. 13 at 5). Plaintiff cannot assert an "unknown" address by willfully ignoring the complete and accurate address publicly provided by Defendant, nor can Plaintiff substitute generalized assumptions about internet stores for the individualized diligence required by law.

Because Defendant's physical address was known, complete, and publicly available, the exception to the Hague Convention does not apply. Plaintiff failed to serve Defendant properly under the Hague Convention. Accordingly, personal jurisdiction was never established due to this lack of proper service of process. The Default Judgment entered against Defendant is void as a matter of law and must be vacated pursuant to Rule 60(b)(4).

## III. CONCLUSION

For the foregoing reasons, Defendants BJ's Choice respectfully requests that this Court:

1. Grant this Motion and set aside the Final Default Judgment Order (ECF No. 28) as to Defendants BJ's Choice pursuant to Fed. R. Civ. P. 60(b)(4);

2. Order the immediate release of any funds belonging to BJ's Choice frozen pursuant to the void judgment; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: June 18, 2026

Respectfully submitted,

/s/ Wenzhu Yu

**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2026, I caused the foregoing document to be filed with the Clerk of Court using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.


_____/s/ Wenzhu Yu_____