**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DAVID GEORGE MACLEAN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:25-cv-12319

Judge Jorge L. Alonso

Magistrate Judge Albert Berry, III

**DECLARATION OF KEITH A. VOGT IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT BJ'S CHOICE'S MOTION
TO SET ASIDE DEFAULT JUDGMENT [30]**

I, KEITH A. VOGT, declare as follows:

**I. Introduction**

1. I am the principal of Keith A. Vogt, PLLC, lead counsel of record for Plaintiff in this action, and a member of the bar of this Court. I make this declaration in support of Plaintiff's Opposition to the Motion to Set Aside Default Judgment [30] (the "Motion") filed by Defendant No. 25 BJ's Choice ("Defendant" or "BJ's Choice").

2. I have personal knowledge of the matters stated in this declaration. If called as a witness, I could and would competently testify to them.

**II. Service on Defendant BJ's Choice**

3. On October 23, 2025, my office completed service on each of the Defendants identified on Schedule A, including Defendant (Amazon Seller ID A2U7IPV36SF4UK), in the manner authorized by this Court's Order [16], that is, by (a) electronic publication of the Complaint, Summons, and the Court's orders at the website Plaintiff maintained for purposes of

this litigation, and (b) email to each address identified for the respective Defendants by their respective third-party marketplaces. My contemporaneous Declaration of Service and supporting exhibits were filed at [19] and [19-1].

4. The email address I used for BJ's Choice — lsj680919@163.com — was supplied to Plaintiff by Amazon Payments, Inc. ("Amazon") under the third-party-discovery provisions of [16]. I sent the October 23, 2025 service email to lsj680919@163.com, and I did not receive any bounce-back, error, or non-delivery message in response.

**III. Receipt of pre-judgment communications from Defendant's counsel**

5. On October 24, 2025, the day after I completed service, I received an email at attorney@vogtip.com from Wenzhu ("Wency") Yu of AnJie Broad Law Firm, sent in reply to my October 23, 2025 service email and quoting it in full, stating that her firm had "just been retained to represent our client in this matter" and conveying a settlement offer. A true and correct copy of that email is attached to the Jiang Declaration as Exhibit B. See Jiang Decl. ¶ 13. On November 12, 2025, at approximately 4:58 a.m. Central Time, I received an email from wency_yu@anjielaw.com (Ms. Yu), addressed to JiangIP LLC's legal-assistant account at legal@jiangip.com and copied to me at attorney@vogtip.com. Copies also went to Yanling (Sophie) Jiang, to other personnel at JiangIP LLC, and to two attorneys at AnJie Broad Law Firm. The email was sent in connection with this lawsuit; the subject line and content of the thread confirm that fact on their face. A true and correct copy of the November 12, 2025 email, as I received it, is attached to the Declaration of Yanling (Sophie) Jiang as Exhibit C, and I authenticate it through this declaration as well.

6. The November 12, 2025 email represented to me that Defendant's counsel had received Plaintiff's service of process and was engaging with the lawsuit on the merits. In that

email, Ms. Yu, on behalf of BJ's Choice, identified her client's company name and address, identified her client's supplier, disclosed her client's net unit sales and profit figures, and made a monetary settlement offer referenced to her client's accounting of profit. The email and its content are described more fully in the Declaration of Yanling Jiang, Sections V–VI. I confirm that I personally received that email as a copied recipient and that the description provided in the Jiang Declaration is accurate to the version I received.

7. The relevant point for this opposition is not what was discussed in settlement, but the fact of communication. I confirm that:

a. BJ's Choice was in contact with me through counsel as early as November 12, 2025, and that contact concerned this specific lawsuit (1:25-cv-12319);

b. Defendant's counsel as of November 12, 2025 was Ms. Yu — the same individual who entered an appearance on the docket as counsel for Defendant on June 18, 2026 [29] and signed the Motion [30];

c. The November 12, 2025 email and the further pre-judgment correspondence with Ms. Yu demonstrate that BJ's Choice had actual notice of this lawsuit, of the underlying allegations, of Plaintiff's counsel's identity, and of the materials Plaintiff had served, well before the December 3, 2025 entry of default judgment [28]; and

d. The November 12, 2025 email is offered for this notice-and-engagement purpose, not to prove the validity or amount of any disputed claim, and is admissible under Federal Rule of Evidence 408(b) for "negating a contention of undue delay" within the meaning of that rule.

**IV. Conduct after entry of default judgment, and prior to Defendant's Motion**

8. Between December 3, 2025 (entry of default judgment) and June 18, 2026 (filing of the Motion [30]), BJ's Choice took no step on the docket in this action. Specifically, BJ's Choice did not:

a. move to vacate or otherwise challenge the December 3, 2025 entry of default judgment;

b. move for relief under any provision of Rule 60;

c. contest before this Court the adequacy of the October 23, 2025 service of process;

d. object on the docket to the release of frozen funds pursuant to [28] ¶ 6; or

e. enter an appearance of counsel in this action.

9. The first step BJ's Choice took on the docket in this action after entry of the default judgment was its filing, on June 18, 2026, of an appearance by counsel ([29]) and the Motion [30].

**V. Conduct of the other defendants on Schedule A**

10. Schedule A to the Complaint identified forty-three defendants [2], and First Amended Schedule A, against which default judgment was entered, identified the same forty-three ([28] at 6–7). Three of them — xiaofanqie2023, Price Master Jay, and Queemie — were dismissed before judgment. All were served by the same email-and-electronic-publication mechanism that effected service on BJ's Choice. As reflected in the docket, Plaintiff voluntarily dismissed all three in November and December 2025 ([21], [25], and [26]). To the extent the Motion implies that the email mechanism was unreliable or insufficient to apprise its addressee, the conduct of the three other co-defendants and Defendant's own counseled engagement, which

began one day after service and continued on November 12, 2025, establish the contrary on this record.

**VI. The Amazon disbursement**

11. Pursuant to this Court's December 3, 2025 Order on Default Judgment [28] ¶ 6, Amazon was directed to release frozen funds held in Defendants' accounts to Plaintiff within fourteen days. With respect to the BJ's Choice account, Amazon's disbursement record reflects a debit of $932.93 USD from that account. That record is attached to the Declaration of Yanling Jiang as Exhibit E and authenticated at Section VII of that declaration.

**VII. Authentication and acknowledgment**

12. The emails attached to the Jiang Declaration as Exhibits B and C are true and correct copies of the emails I received, as described above.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: September 21, 2026

*/s/ Keith A. Vogt*
Keith A. Vogt
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on September 21, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt