**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID GEORGE MACLEAN, | |
| Plaintiff, | Case No.: 1:25-cv-12319 |
| v. | Judge Jorge L. Alonso |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Albert Berry, III |
| Defendants. | |

**DECLARATION OF YANLING (SOPHIE) JIANG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT BJ'S CHOICE'S MOTION TO SET ASIDE DEFAULT JUDGMENT [30]**

I, YANLING JIANG, declare as follows:

**I. Introduction**

1. I am the principal of JiangIP LLC, co-counsel of record for Plaintiff in this action, and a member of the bar of this Court. I make this declaration in support of Plaintiff's Opposition to Defendant No. 25's Motion to Set Aside Default Judgment [30] (the "Motion").

2. I have personal knowledge of the matters stated in this declaration, except where stated on information and belief, and I would competently testify to them if called as a witness. Where this declaration recites the results of investigative steps performed by others at my direction or as part of the firm's joint representation of Plaintiff, I so identify and attest that I have reviewed the source materials.

3. The defendant whose motion is the subject of this opposition is the seller account known as "BJ's Choice" ("Defendant" or "BJ's Choice"), listed as Defendant No. 25 on

Schedule A to the Complaint, and identified by Amazon Payments, Inc. ("Amazon") as Seller ID A2U7IPV36SF4UK.

**II. The Amazon Production Data and the Production-Record Address**

4. On or about October 17, 2025, Amazon produced documents and seller-account information to Plaintiff pursuant to this Court's order authorizing expedited third-party discovery [16]. I personally reviewed Amazon's production as it relates to the defendants on Schedule A, including BJ's Choice.

5. The address Amazon's records listed for BJ's Choice at the time of production was recorded in Amazon's production entirely in run-together romanized form, without Chinese characters, as "gutiansiluguangdianlantingronghui11dong1danyuan3402." That string corresponds, in Chinese characters, to:

> 古田四路光电蓝庭融汇 11 栋 1 单元 3402 Qiaokou District, Wuhan, Hubei Province, postal code 430000, China.

Romanized:

> Room 3402, Unit 1, Building 11, Guangdian Lanting Ronghui, Gutian Fourth Road, Qiaokou District, Wuhan, Hubei, 430000, China.

A true and correct extract of the relevant row from Amazon's production is attached as **Exhibit A**.

6. The email address in Amazon's records associated with BJ's Choice was lsj680919@163.com. Plaintiff effected email service on that address on October 23, 2025 [19]; [19-1].

**III. The address in the Motion is materially different from the Amazon production-record address**

7. The Motion represents, without any supporting evidence, that BJ's Choice's "complete physical address" was "prominently and publicly displayed on Defendant's online storefront" ([30] at 2–3) and recites the address as:

> "Room 301, Unit 1, Building 107, Tianshunyuan Group 1, Xindun, Gutian Fourth Road, Qiaokou District, Wuhan, Hubei, 430034, China"

8. That address is materially different from the address Amazon's production identified for BJ's Choice's account at the time of expedited discovery. In particular:

- Residential complex: Amazon's production says 光电蓝庭融汇 ("Guangdian Lanting Ronghui"); the Motion says 新墩天顺园 ("Tianshunyuan Group 1, Xindun"). These are different residential complexes.
- Building number: Amazon's production says Building 11; the Motion says Building 107.
- Unit: Amazon's production says Unit 1, Room 3402 (34th floor); the Motion says Unit 1, Room 301 (3rd floor).
- Postal code: Amazon's production says 430000 (the generic Wuhan-city placeholder); the Motion says 430034 (a Qiaokou-district-specific code).
- Street and district are the same in both: Gutian Fourth Road, Qiaokou District, Wuhan, Hubei.

9. BJ's Choice does not acknowledge, much less reconcile, the difference between the address Amazon's records associated with its account in October 2025 and the address it now claims was, at that same time, "prominently and publicly displayed" on its storefront. Plaintiff

was not informed by BJ's Choice or its counsel of any change in the displayed storefront address as between October 2025 and the present.

**IV. The address BJ's Choice's counsel disclosed on November 12, 2025 is materially different from both of the above**

10. As I describe more fully in Sections V and VI below, on November 12, 2025, BJ's Choice's current counsel, Ms. Yu, emailed Plaintiff's counsel on behalf of BJ's Choice. In that email, Ms. Yu was asked, in writing, to identify "the name of the individual and/or company that owns and operates the Internet Store(s), and the address of that individual and/or company." Ms. Yu's response on behalf of her client identified the address as:

> "Room 1-3-1, Building 107, Gutian 4th Road North District, Qiaokou District, Wuhan, China."

That email is described more fully at ¶¶ 14–17 below.

11. That address is not the address BJ's Choice now relies on, and it is not the address Amazon's production identified. The "Building 107" number is the same as the building number in the Motion; the unit format ("1-3-1"), the district descriptor ("North District"), and the postal code (none stated) are not. The Motion does not acknowledge or address Ms. Yu's November 12, 2025 representation as to her client's address.

12. Taken together, the record in this case identifies BJ's Choice with **three different addresses**, all in Qiaokou District, Wuhan, on or adjacent to Gutian Fourth Road:

| **Source** | **Address** | **Postal code** |
|---|---|---|
| Amazon production (~October 2025) | 光电蓝庭融汇 11 栋 1 单元 3402 | 430000 |
| Storefront / [30] (current screenshot) | 新墩天顺园 107 栋 1 单元 301 室 | 430034 |
| Counsel's email (November 12, 2025) | 107 栋 / "Room 1-3-1" / North District | (none provided) |

BJ's Choice has not, in its Motion or elsewhere, explained which of the three is its "officially registered" address, nor produced a business license or PRC State Administration for Market Regulation (国家市场监督管理总局) registry extract authenticating any of the three.

**V. Pre-judgment correspondence from Defendant's counsel**

13. On October 24, 2025, the day after Plaintiff effected service, Wenzhu ("Wency") Yu of AnJie Broad Law Firm replied directly to Plaintiff's service email, quoting that email in full, stating that her firm had "just been retained to represent our client in this matter," and conveying a monetary settlement offer. The email was addressed to Plaintiff's counsel of record, Keith A. Vogt, and was circulated to me and to other JiangIP LLC personnel. I have reviewed it, and it has been maintained in this firm's records for this matter. A true and correct copy of the October 24, 2025 email, redacted as to settlement-offer figures, is attached as **Exhibit B**. Mr. Vogt authenticates his receipt of that email in his own declaration.

14. On November 12, 2025, at approximately 4:58 a.m. Central Time, I received an email from wency_yu@anjielaw.com (Ms. Yu). The email was addressed to this firm's legal-assistant account (legal@jiangip.com), with copies to Plaintiff's counsel of record, Keith A. Vogt (attorney@vogtip.com), to me (yanling@jiangip.com), and to Yi Bu (ybu@jiangip.com), Christopher Romero (cromero@jiangip.com), Cameron McIntyre (cmcintyre@jiangip.com), Lynx Zhang (lzhang@jiangip.com), and Adam Grodman (agrodman@jiangip.com), as well as to two attorneys at AnJie Broad Law Firm. A true and correct copy of the email, along with its attachments listed therein, is attached as **Exhibit C**.

15. The subject of the email thread reflected on its face that the matter was the present case: Case 1:25-cv-12319, *David George Maclean v. The Partnerships and Unincorporated Associations Identified on Schedule A*. In her email, Ms. Yu:

a. Confirmed that "BJ's Choice" and Amazon Seller ID A2U7IPV36SF4UK were her client's storefront and account, respectively;

b. Identified her client's company name as "Wuhan Tianlianfa E-Commerce Co., Ltd.";

c. Identified her client's address as "Room 1-3-1, Building 107, Gutian 4th Road North District, Qiaokou District, Wuhan, China";

d. Identified her client's supplier as Heshan Hexie Toys Co., Ltd., providing that supplier's address;

e. Disclosed her client's net unit-sales figures: 1,433 units net of returns; $13.25 USD average sale price; $4.89 USD net income per unit; $2.27 USD procurement-and-shipping cost per unit; $2.62 USD net profit per unit; $3,754.46 USD total net profit;

f. Made a monetary settlement offer proposing one-third of the alleged net profit, on the theory that "the puzzle consists of three pieces and the copyrighted image represents only one of them"; and

g. Attached documents identified as "Net Income," "Total cost," "Order Details," "Payment Confirmation 1," "Payment Confirmation 2," and "Supplier provided image."

16. The November 12, 2025 email is offered for the limited and proper purpose of establishing (i) that BJ's Choice received Plaintiff's October 23, 2025 service of process at lsj680919@163.com; (ii) that BJ's Choice retained counsel and engaged with Plaintiff on the merits of this lawsuit no later than November 12, 2025, well before the entry of default judgment on December 3, 2025; (iii) that the same counsel who now seeks vacatur was already

representing BJ's Choice on these facts seven months earlier; and (iv) that BJ's Choice's identification of its own company name and address in November 2025 is materially inconsistent with the storefront identification the Motion now retroactively credits to Plaintiff. It is not offered to prove the validity or amount of any disputed claim and is admissible under Federal Rule of Evidence 408(b), which permits introduction of settlement communications "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

17. The discrepancy between the pinyin storefront name wuhantianlanfadianzishangwuyouxiangongsi and Ms. Yu's stated company name "Wuhan Tianlianfa E-Commerce Co., Ltd." is significant. The pinyin syllable "lan" in the storefront string most plausibly corresponds to one of the Chinese characters 蓝 ("blue") or 兰 ("orchid"), neither of which is a homophone of the character 联 ("connect/join") that appears in Ms. Yu's romanization "Tianlianfa." These characters are unrelated in meaning. The storefront's pinyin string, read literally, does not resolve to the registered company name BJ's Choice's own counsel attributed to it in writing on November 12, 2025. More fundamentally, a Romanized pinyin string does not correspond to any single set of Chinese characters. Chinese is written in characters, not in the Latin alphabet, and each Romanized syllable corresponds to many different characters across the four tones. The distinctive portion of the storefront trade name, read as tian, lan (or lian), and fa, therefore resolves to thousands of possible character combinations using only characters in ordinary use, and to hundreds of thousands across the comprehensive set of Chinese characters. Counsel's "Tianlianfa" is one such combination, and the storefront's "tianlanfa" is another; the Romanized string standing alone does not identify which characters, and therefore which registered entity, it is meant to represent.

**VI. The correspondence continued, and BJ's Choice did not move to vacate at any point between Ms. Yu's first email and the filing of the Motion**

18. Following the November 12, 2025 email, BJ's Choice, through Ms. Yu, continued to correspond with Plaintiff's counsel by email through December 2, 2025, and then continued to correspond, with interruptions, through June 10, 2026.

19. At no point in that correspondence — and at no point in the six and one-half months between December 3, 2025 (entry of default judgment) and June 18, 2026 (filing of the Motion [30]) — did BJ's Choice, by counsel or otherwise, move to vacate the default judgment, move to set aside the default, or appear on the docket. On June 10, 2026, Ms. Yu wrote, after not having corresponded with Plaintiff's counsel since March, that the Seventh Circuit's "recent" decision in *Kangol* "has rendered your service of process upon our client entirely improper and deficient, as our client's physical address was displayed under 'Detailed Seller Information' on Amazon," and that "the Court lacks personal jurisdiction over our client, rendering the default judgment voidable." In the same email, she offered to settle the matter, stating that the offer was "valid by June 15, 2026," and stated that if it was not accepted, BJ's Choice would "proceed with filing a motion to set aside the default judgment and dismiss the case for insufficient service of process and lack of personal jurisdiction." A true and correct copy of the June 10, 2026 email, redacted as to settlement-offer figures, is attached as **Exhibit D**. The Motion [30] was filed on June 18, 2026, three days after the stated deadline.

20. Ms. Yu entered her appearance on the docket in this matter on June 18, 2026. [29]. She is the same individual who, on November 12, 2025, disclosed her client's identity, address, sales, profit, and supplier to Plaintiff's counsel. As of June 18, 2026, Ms. Yu's representation of BJ's Choice in this matter was therefore not "new" — it was continuous, dating to at least November 12, 2025.

**VII. The Amazon-disbursement record**

21. Pursuant to this Court's December 3, 2025 Order on Default Judgment [28] ¶ 6, Amazon was directed to release frozen funds held in Defendants' accounts to Plaintiff within fourteen days. With respect to BJ's Choice's account A2U7IPV36SF4UK, Amazon's disbursement record reflects a debit of $932.93 USD from that account. A true and correct excerpt of that record is attached as **Exhibit E**.

22. The $932.93 USD figure differs from the Amazon-disclosed BJ's Choice sales figure of approximately $23,785.53 USD (across 1,633 gross units) (Exhibit A), reflecting that the released amount represented only the balance Amazon had restrained as of the freeze, not gross sales.

**VIII. The PRC registry and map inquiry**

23. To test Defendant's representation that the address recited in the Motion "is officially registered with government authorities and is easily verifiable" ([30] at 3), searches were performed on the three principal PRC business-registry platforms — the National Enterprise Credit Information Publicity System (国家企业信用信息公示系统) at gsxt.gov.cn, Tianyancha (天眼查), and Qichacha (企查查) — for: (a) the storefront pinyin string wuhantianlanfadianzishangwuyouxiangongsi; (b) the company name Ms. Yu identified on November 12, 2025, "Wuhan Tianlianfa E-Commerce Co., Ltd.," in plausible Chinese-character forms (e.g., 武汉天联发电子商务有限公司); and (c) reverse-address searches on each of the two principal physical addresses identified at ¶ 12 above — the Amazon production-record address (Address A, row 1 of the ¶ 12 table) and the storefront / Motion [30] address (Address B, row 2). (Counsel's November 12, 2025 variant at row 3 shares Building 107 and Gutian Fourth Road with Address B and was not separately searched as an independent reverse-address query.)

24. Those searches returned the following results:

a. No registered entity was returned under the storefront pinyin string wuhantianlanfadianzishangwuyouxiangongsi on 天眼查 or 企查查. The 国家企业信用信息公示系统 at gsxt.gov.cn would not accept the string as a query at all: it returned an input-length error, "您输入的长度超过规定长度，请输入不超过50个汉字或18个数字和字母！" — the platform caps a Latin-character query at eighteen characters, and the storefront string is forty.

b. No exact registered-name match was returned under any of four Chinese-character reconstructions of that pinyin string, including (i) 武汉天蓝发电子商务有限公司, (ii) 武汉天兰发电子商务有限公司, (iii) 武汉天蓝发电子商务有限责任公司, and (iv) 武汉天联发电子商务有限公司, the last of which corresponds to the romanization "Wuhan Tianlianfa E-Commerce Co., Ltd." that Ms. Yu disclosed on November 12, 2025 (*see* ¶ 15(b) above). Searching Ms. Yu's disclosed name (reconstruction (iv), 武汉天联发) on Qichacha returned only a partial, fuzzy match to a differently named entity, 武汉天连发电子商务有限公司, which uses the character 连, not the 联 Ms. Yu disclosed.

c. Reverse-address searches on each of the two principal physical addresses identified in ¶ 12 above — the Amazon production-record address (古田四路光电蓝庭融汇 11 栋 1 单元 3402, 430000) and the storefront / Motion [30] address (古田四路新墩天顺园一组团 107 栋 1 单元 301 室, 430034) — returned no registered entity at either address. The only registered entity any of these searches surfaced was 武汉天连发电子商务有限公司 (Unified Social Credit Code

91420104MA49GLLE5L; legal representative 刘诗杰; registered June 7, 2020), and it was returned not by any address search but as the single partial match to the company name Ms. Yu disclosed on November 12, 2025. Its registered address, 武汉市硚口区古田四路北区 107 栋 1-3-1, is the address Ms. Yu herself gave Plaintiff's counsel; it is not the 1 单元 301 室 address the storefront and the Motion recite, and the registry record does not place that entity in the 新墩天顺园 complex at all. The storefront pinyin string is therefore not searchable to any registered entity, and neither recited address reaches one; this entity could be located only by fuzzy-matching a company name Ms. Yu herself misstated by one character (连 vs. 联).

d. These searches further showed that the residential complex named in the storefront / Motion [30] address — 新墩天顺园 ("Xindun Tianshunyuan") — is, according to public real-estate records, a large residential complex developed by Wuhan Guangshun Group Co., Ltd. (武汉广顺集团股份有限公司), not a commercial or office park. The searches also showed that the building name in the Amazon production-record address — 光电蓝庭融汇 ("Guangdian Lanting Ronghui") — could not be located in publicly available real-estate or mapping records.

A true and correct copy of the search results, together with the contemporaneous map-service screenshots (Amap / 高德地图 and Baidu Map / 百度地图) confirming that the storefront / Motion [30] address resolves to residential blocks within the 新墩天顺园 complex, is attached as **Exhibit F**.

25. These searches confirm three points material to the Motion: (i) the storefront business-name field, as recited in the Motion, does not correspond to any entity findable on any of the platforms searched, and the official publicity system will not accept the string as a query at all; (ii) Ms. Yu's November 12, 2025 disclosure of her client's registered name (Wuhan Tianlianfa E-Commerce Co., Ltd.) likewise returns no registered entity on the commercial registries searched, but only a partial match differing from it by one character; and (iii) neither of the two physical addresses recited in the Motion and in Amazon's production records is registered to any entity on the publicly available registries, and one of them is a residential complex. The four Chinese-character reconstructions searched (¶ 24 above) were selected as the most phonetically plausible renderings of the Romanized storefront string; they were not, and could not have been, exhaustive. Using the standard Mandarin readings of Chinese characters and limiting the count to characters in ordinary use under the GB 2312 national standard, 26 characters are read tian, 25 are read lan (33 are read lian), and 12 are read fa. The three distinctive syllables of the trade name therefore yield more than 7,000 possible character combinations using common characters alone (more than 10,000 on counsel's "lian" reading), and more than 330,000 across the comprehensive set of Chinese characters. No reasonably diligent investigator could search every such combination against the PRC registries; the practical course, which was followed here, is to test only the few most likely renderings. A Romanized storefront string that cannot be reduced to a single verifiable registered identity in this way is the opposite of the "easily verifiable" identification the Motion asserts.

**IX. Conduct of the other Schedule A defendants**

26. Schedule A to the Complaint identified forty-three defendants accused of selling infringing copies of Plaintiff's copyrighted works and First Amended Schedule A, against which

default judgment was entered, identified the same forty-three ([28] at 6–7). All of them were served by the same email-and-electronic-publication mechanism that effected service on BJ's Choice. Three were voluntarily dismissed before judgment. As reflected in the docket:

- Defendant xiaofanqie2023 — voluntarily dismissed on November 18, 2025 [21].
- Defendant Price Master Jay — voluntarily dismissed on November 21, 2025 [25].
- Defendant Queemie — voluntarily dismissed on December 3, 2025 [26].

27. The three defendants that were dismissed received identical email service. As to BJ's Choice specifically, the November 12, 2025 email from Ms. Yu (Exhibit C) establishes that BJ's Choice also received the email service at lsj680919@163.com and treated it as actual notice. The difference between BJ's Choice's conduct and that of its co-defendants is not that BJ's Choice failed to receive notice — it is that BJ's Choice elected to pursue private settlement rather than file an answer or otherwise oppose default.

**X. Contemporaneous storefront capture**

28. On July 1, 2026, I obtained a screenshot of BJ's Choice's Amazon "Detailed Seller Information" page as displayed on that date. A true and correct copy of the screenshot is attached as **Exhibit G**. The screenshot shows the storefront name as "BJ's Choice," the business name field populated with the pinyin string wuhantianlanfadianzishangwuyouxiangongsi, the business address in Chinese characters (matching the form recited at ¶ 8 and corresponding to the Tianshunyuan/430034 form, not the Production-record Guangdian Lanting Ronghui/430000 form), and a country-code field reading "CN." The screenshot displays no business license, no Unified Social Credit Code, no link to a government registry, and no other authentication of the displayed information.

29. On June 19, 2026, I queried the Internet Archive's Wayback Machine at https://web.archive.org/web/20250000000000/amazon.com/sp?seller=A2U7IPV36SF4UK to determine whether any archived snapshot of BJ's Choice's Amazon "Detailed Seller Information" page existed for any date in 2025. The Wayback Machine returned: "Hrm. Wayback Machine has not archived that URL. This page is available on the web!" A true and correct screen capture of that query response, taken on June 19, 2026, is attached as **Exhibit H**.

30. The Internet Archive's records therefore contain no archived snapshot of BJ's Choice's storefront page at any time in 2025, including the dates relevant to Plaintiff's diligence (the October 10, 2025 filing of [12] and [13]) and the dates relevant to BJ's Choice's "prominently and publicly displayed" assertion ([30] at 2–3). The only capture of BJ's Choice's storefront page in the record is the July 1, 2026 screenshot at Exhibit G. BJ's Choice, as the movant under Rule 60(b)(4), has not supplied any contemporaneous capture either.

31. I make no assertion as to what BJ's Choice's storefront did or did not display in October 2025. I observe only that the public record contains no archived evidence of that display, and that the Amazon production-disclosed address (Section II above) is materially different from the address the Motion now relies on as having been "publicly displayed."

## XI. Proposed timeliness discovery

32. Plaintiff has prepared the three sets of proposed discovery requests described in Part I.E of Plaintiff's Opposition, each limited to the timeliness questions the Motion places in issue. True and correct copies are attached as **Exhibit I** (Plaintiff's First Set of Interrogatories to BJ's Choice), **Exhibit J** (Plaintiff's First Set of Requests for Production to BJ's Choice), and **Exhibit K** (Plaintiff's Notice of Rule 30(b)(6) Deposition of BJ's Choice). None has been

served. Each is submitted so that the Court may see the precise scope of the discovery Plaintiff proposes.

**XII. Authentication and acknowledgment**

33. All exhibits attached to this declaration are true and correct copies of the documents described.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: September 21, 2026

*/s/ Yanling Jiang*
Yanling Jiang
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on September 21, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt