**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DAVID GEORGE MACLEAN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:25-cv-12319

Judge Jorge L. Alonso

Magistrate Judge Albert Berry, III

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT NO. 25 BJ'S CHOICE**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff David George Maclean ("Plaintiff") propounds the following First Set of Interrogatories to Defendant No. 25 BJ's Choice ("Defendant"), to be answered separately and fully, in writing, under oath, by an officer or agent of Defendant authorized to do so, within thirty (30) days of service.

These interrogatories are propounded in connection with Defendant's Motion to Set Aside Default Judgment [30] and the limited timeliness discovery requested in Plaintiff's Opposition (Part I.E). They are calibrated to the reasonable-time inquiry mandated by *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155 (2026). They are not directed to the merits of Plaintiff's copyright claim, to Defendant's commercial conduct, or to any subject beyond when and through what channels Defendant received information bearing on the timing of its Rule 60(b)(4) motion.

Plaintiff reserves the right to seek leave to expand the scope of this discovery if Defendant's responses are evasive, incomplete, or non-responsive.

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1. "Defendant," "BJ's Choice," "You," or "Your" means BJ's Choice, the seller-account holder of Amazon Seller ID A2U7IPV36SF4UK, identified as Defendant No. 25 on Schedule A to the Complaint in this action, and includes any predecessor, successor, parent, subsidiary, affiliate, principal, officer, director, employee, agent, attorney, or other person or entity acting on its behalf, including without limitation any of the entities or individuals identified in correspondence from AnJie Broad Law Firm dated November 12, 2025.

2. "This Lawsuit" means the above-captioned action, *Maclean v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:25-cv-12319 (N.D. Ill.), and any pre-suit, pre-judgment, or post-judgment activity connected to the claims, parties, or relief asserted therein.

3. "[16]" means the Court's October 15, 2025 Order for Leave to Conduct Expedited Discovery and Service of Process by E-Mail and/or Electronic Publication.

4. "[28]" means the Court's December 3, 2025 Final Default Judgment Order.

5. "Amazon" means Amazon Payments, Inc., and any affiliated entity that hosted, processed payments for, or restrained funds in Amazon Seller account A2U7IPV36SF4UK.

6. "Communication" means any transmission of information, in any form, including without limitation emails, letters, text messages, instant messages, telephone calls, voicemail, in-person conversations, and platform-internal messaging systems such as Amazon Seller Central notifications.

7. "Document" has the meaning set forth in Federal Rule of Civil Procedure 34(a)(1)(A) and includes electronically stored information.

8. "Person" means any natural person, corporation, partnership, association, or other legal entity.

9. "Identify," when used with respect to a person, means to state the person's full name, position or title, employer, business address, and email address; when used with respect to a date, means to state the calendar date with as much precision as is known to Defendant; when used with respect to a communication, means to state the date, sender, recipient(s), medium, and subject of the communication.

10. "The Relevant Period" means October 1, 2025 through June 18, 2026, inclusive.

## INSTRUCTIONS

1. Each interrogatory is to be answered separately and fully, in writing, under oath, within thirty (30) days of service, pursuant to Federal Rule of Civil Procedure 33.

2. If Defendant objects to any interrogatory in whole or in part, Defendant shall state the basis for the objection with specificity and shall answer the remainder of the interrogatory not subject to the objection.

3. If Defendant claims that any information responsive to an interrogatory is privileged or otherwise protected from disclosure, Defendant shall provide a privilege log identifying, for each withheld item, the date, author, recipient(s), subject matter, and basis for the privilege claim, in sufficient detail to permit assessment of the claim under Federal Rule of Civil Procedure 26(b)(5).

4. The Relevant Period for these interrogatories is October 1, 2025 through June 18, 2026, unless otherwise specified in the individual interrogatory.

5. These interrogatories are continuing in nature. Defendant is under a duty to supplement its responses pursuant to Federal Rule of Civil Procedure 26(e) if Defendant learns that a response is incomplete or incorrect.

6. Where an interrogatory asks Defendant to "identify" or "state" a date, Defendant shall state the date with as much precision as is known to it, and if the date is not precisely known, shall state the best approximation supported by available records and the basis for that approximation.

## INTERROGATORIES

**Interrogatory No. 1**

Identify the date on which Defendant (or any Person acting on its behalf, including without limitation the holder or user of the email address lsj680919@163.com) first received any Communication concerning This Lawsuit, including without limitation Plaintiff's service email of October 23, 2025; and identify the Person who first received such Communication, the medium of receipt, and the action (if any) taken by Defendant in response within thirty (30) days thereafter.

**Response:**

**Interrogatory No. 2**

Identify the date on which Defendant first received notice, from Amazon or any other Person, that funds in Amazon Seller account A2U7IPV36SF4UK had been frozen, restrained, or otherwise made unavailable in connection with this Lawsuit or the Court's orders therein; identify each Person from whom such notice was received; and identify the medium and substance of each such notice.

**Response:**

**Interrogatory No. 3**

Identify the date on which Defendant first received notice, from Amazon or any other Person, that funds held in Amazon Seller account A2U7IPV36SF4UK had been released, transferred, or disbursed to Plaintiff or Plaintiff's counsel pursuant to [28], including without limitation the release of approximately $932.93 USD from that account; identify each Person from whom such notice was received; and identify the medium and substance of each such notice.

**Response:**

**Interrogatory No. 4**

Identify each attorney, law firm, or legal-services provider that Defendant consulted, retained, or otherwise engaged with respect to This Lawsuit at any time during The Relevant Period, including without limitation Wenzhu ("Wency") Yu and AnJie Broad Law Firm; and for each such attorney, law firm, or legal-services provider, state the date of first consultation, the date of formal retention (if different), the scope of the engagement, and whether and when the engagement was terminated or modified.

**Response:**

**Interrogatory No. 5**

For the period from October 23, 2025 through June 18, 2026, identify each Communication between Defendant (or any Person acting on its behalf, including without

limitation its counsel) and any other Person concerning This Lawsuit, the entry of default or default judgment in This Lawsuit, the freeze or release of funds in Amazon Seller account A2U7IPV36SF4UK, or Defendant's intentions with respect to challenging the default, the default judgment, or the alternative-service order. For each Communication, state the date, the sender, the recipient(s), the medium, and the subject.

**Response:**

DATED: September 21, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I hereby certify that on ______________, 2026, a true and correct copy of the foregoing document was sent via electronic mail to the following:

Wenzhu ("Wency") Yu
AnJie Broad Law Firm
14/F, North Tower, Beijing Kerry Centre, No. 1 Guanghua Road, Chaoyang District
Beijing, China 100020
Phone: +86 10 8567 5988
Email: Wency_Yu@anjielaw.com

*/s/ Keith A. Vogt*
Keith A. Vogt