# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID GEORGE MACLEAN, | |
| Plaintiff, | Case No.: 1:25-cv-12319 |
| v. | Judge Jorge L. Alonso |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Albert Berry, III |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO**
**DEFENDANT NO. 25 BJ'S CHOICE**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff David George Maclean ("Plaintiff") propounds the following First Set of Requests for Production to Defendant No. 25 BJ's Choice ("Defendant"). Defendant shall produce all responsive documents and electronically stored information within thirty (30) days of service.

These requests are propounded in connection with Defendant's Motion to Set Aside Default Judgment [30] and the limited timeliness discovery requested in Plaintiff's Opposition (Part I.E). They are calibrated to the reasonable-time inquiry mandated by *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155 (2026). They are not directed to the merits of Plaintiff's copyright claim, to Defendant's commercial conduct, or to any subject beyond when and through what channels Defendant received information bearing on the timing of its Rule 60(b)(4) motion.

Plaintiff reserves the right to seek leave to expand the scope of this discovery if Defendant's responses are evasive, incomplete, or non-responsive.

## DEFINITIONS

For purposes of these requests, the following definitions apply:

1. "Defendant," "BJ's Choice," "You," or "Your" means BJ's Choice, the seller-account holder of Amazon Seller ID A2U7IPV36SF4UK, identified as Defendant No. 25 on Schedule A to the Complaint in this action, and includes any predecessor, successor, parent, subsidiary, affiliate, principal, officer, director, employee, agent, attorney, or other person or entity acting on its behalf, including without limitation any of the entities or individuals identified in correspondence from AnJie Broad Law Firm dated November 12, 2025.

2. "This Lawsuit" means the above-captioned action, *Maclean v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:25-cv-12319 (N.D. Ill.), and any pre-suit, pre-judgment, or post-judgment activity connected to the claims, parties, or relief asserted therein.

3. "Amazon" means Amazon Payments, Inc., and any affiliated entity that hosted, processed payments for, or restrained funds in Amazon Seller account A2U7IPV36SF4UK.

4. "Communication" means any transmission of information, in any form, including without limitation emails, letters, text messages, instant messages, telephone calls, voicemail, in-person conversations, and platform-internal messaging systems such as Amazon Seller Central notifications.

5. "Document" has the meaning set forth in Federal Rule of Civil Procedure 34(a)(1)(A) and includes electronically stored information in its native form, with associated metadata preserved.

6. "Concerning" means relating to, referring to, describing, evidencing, constituting, reflecting, mentioning, or otherwise pertaining to, in whole or in part, the subject identified.

7. “The Relevant Period” means October 1, 2025 through June 18, 2026, inclusive.

**Instructions**

1. Documents shall be produced as they are kept in the usual course of business, or organized and labeled to correspond to the categories in these requests, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i).

2. Electronically stored information shall be produced in native format with metadata preserved, or in such other reasonably usable form as the parties agree, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(ii).

3. If Defendant objects to any request in whole or in part, Defendant shall state the basis for the objection with specificity and shall produce all documents responsive to the unobjectionable portion of the request.

4. If Defendant claims that any document responsive to a request is privileged or otherwise protected from disclosure, Defendant shall provide a privilege log identifying, for each withheld document, the date, author, recipient(s), subject matter, type of document, and basis for the privilege claim, in sufficient detail to permit assessment of the claim under Federal Rule of Civil Procedure 26(b)(5).

5. The Relevant Period for these requests is October 1, 2025 through June 18, 2026, unless otherwise specified in the individual request.

6. These requests are continuing in nature. Defendant is under a duty to supplement its production pursuant to Federal Rule of Civil Procedure 26(e) if Defendant learns that its production is incomplete or that responsive documents have come into its possession, custody, or control.

7. Documents originally created or maintained in Chinese should be produced in their original Chinese form together with, where reasonably available, any English translation in Defendant's possession, custody, or control.

## REQUESTS FOR PRODUCTION

### Request for Production No. 1

All Documents and Communications between Defendant (or any Person acting on its behalf) and Amazon during the Relevant Period Concerning (a) This Lawsuit; (b) any freeze, restraint, hold, or other restriction placed on funds in Amazon Seller account A2U7IPV36SF4UK; or (c) the release, transfer, or disbursement of any funds from Amazon Seller account A2U7IPV36SF4UK to Plaintiff or Plaintiff's counsel, including without limitation any notification of the approximately $932.93 USD disbursement from that account.

**Response:**

### Request for Production No. 2

All retention agreements, engagement letters, fee agreements, scope-of-work documents, and any other Documents evidencing or memorializing Defendant's retention or engagement of any attorney, law firm, or legal-services provider in connection with This Lawsuit during The Relevant Period, including without limitation any such Document evidencing or memorializing the engagement of Wenzhu ("Wency") Yu or AnJie Broad Law Firm. For each Document, the date of the agreement and the effective scope of the engagement shall be discernible from the face of the production; redactions limited to fee amounts and to substantive legal advice are permitted, provided the date, parties, and general scope remain visible.

**Response:**

**Request for Production No. 3**

All Communications during the Relevant Period between Defendant (or any Person acting on its behalf, including its counsel) and any other Person concerning (a) this Lawsuit; (b) the entry of default or default judgment in this Lawsuit; (c) the freeze or release of funds in Amazon Seller account A2U7IPV36SF4UK; or (d) Defendant's intentions with respect to challenging the default, the default judgment, the alternative-service order [16], or any other order of this Court in this Lawsuit.

**Response:**

DATED: September 21, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*

Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on _______________, 2026, a true and correct copy of the foregoing document was sent via electronic mail to the following:

Wenzhu ("Wency") Yu
AnJie Broad Law Firm
14/F, North Tower, Beijing Kerry Centre, No. 1 Guanghua Road, Chaoyang District
Beijing, China 100020
Phone: +86 10 8567 5988
Email: Wency_Yu@anjielaw.com

*/s/ Keith A. Vogt*
Keith A. Vogt