# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID GEORGE MACLEAN, | |
| Plaintiff, | Case No.: 1:25-cv-12319 |
| v. | Judge Jorge L. Alonso |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Albert Berry, III |
| Defendants. | |

**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION OF**
**DEFENDANT NO. 25 BJ'S CHOICE**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff David George Maclean ("Plaintiff") will take the deposition of Defendant No. 25 BJ's Choice ("Defendant") on the matters identified below.

This deposition is noticed in connection with Defendant's Motion to Set Aside Default Judgment [30] and the limited timeliness discovery requested in Plaintiff's Opposition (Part I.E). The deposition topics are calibrated to the reasonable-time inquiry mandated by *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155 (2026). They are not directed to the merits of Plaintiff's copyright claim, to Defendant's commercial conduct, or to any subject beyond when and through what channels Defendant received information bearing on the timing of its Rule 60(b)(4) motion.

Plaintiff reserves the right to seek leave to expand the scope of this discovery if Defendant's witness is unprepared, evasive, or non-responsive on the noticed topics.

## DATE, TIME, LOCATION, AND MANNER

**Date and time:** ________________, 2026, at ____ a.m./p.m. (Central Time), or such other date and time as may be agreed upon by the parties or ordered by the Court.

**Location:** By remote video conference (Zoom or such other platform as the parties may agree), or such other location as may be agreed upon by the parties or ordered by the Court.

**Manner:** The deposition will be taken before a person authorized by law to administer oaths and will be recorded by stenographic means and, at Plaintiff's option, also by audiovisual means. An interpreter qualified in Mandarin Chinese will be retained by Defendant if its designee requests one in advance; in such case, the parties will meet and confer regarding interpreter logistics no later than five (5) business days before the deposition.

**Duration cap:** The total examination time shall not exceed two (2) hours of on-the-record testimony, exclusive of breaks, consistent with the scope of discovery Plaintiff proposes in Part I.E of its Opposition to the Motion [30].

## DEFINITIONS

For purposes of this Notice, the following definitions apply:

1. "Defendant," "BJ's Choice," "You," or "Your" means BJ's Choice, the seller-account holder of Amazon Seller ID A2U7IPV36SF4UK, identified as Defendant No. 25 on Schedule A to the Complaint in this action, and includes any predecessor, successor, parent, subsidiary, affiliate, principal, officer, director, employee, agent, attorney, or other person or entity acting on its behalf.

2. "This Lawsuit" means the above-captioned action, *Maclean v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:25-cv-12319 (N.D.

Ill.), and any pre-suit, pre-judgment, or post-judgment activity connected to the claims, parties, or relief asserted therein.

3. "Amazon" means Amazon Payments, Inc., and any affiliated entity that hosted, processed payments for, or restrained funds in Amazon Seller account A2U7IPV36SF4UK.

4. "Communication" means any transmission of information, in any form, including without limitation emails, letters, text messages, instant messages, telephone calls, voicemail, in-person conversations, and platform-internal messaging systems such as Amazon Seller Central notifications.

5. "The Relevant Period" means October 1, 2025 through June 18, 2026, inclusive.

## DESIGNATION OBLIGATION

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf on each of the matters identified below, and may set out the matters on which each designee will testify. Each designee must be prepared to testify about information known or reasonably available to Defendant, including information held by any predecessor, successor, parent, subsidiary, affiliate, principal, officer, director, employee, agent, or attorney of Defendant. Pursuant to the Rule's meet-and-confer requirement, counsel for Plaintiff and counsel for Defendant shall confer in good faith regarding the identity of each designee and the matters on which each will testify no later than seven (7) calendar days before the deposition.

## MATTERS FOR EXAMINATION

**Topic No. 1**

The date(s) and manner in which Defendant (or any Person acting on its behalf, including without limitation the holder or user of the email address lsj680919@163.com) first received any

Communication concerning This Lawsuit, including without limitation Plaintiff's service email of October 23, 2025; the identity of each Person who first received such Communication; and the actions taken by Defendant in response within thirty (30) days thereafter.

**Topic No. 2**

The date(s) and manner in which Defendant first received notice, from Amazon or any other Person, that funds in Amazon Seller account A2U7IPV36SF4UK had been frozen, restrained, or otherwise made unavailable in connection with This Lawsuit or the Court's orders therein; and the identity of each Person involved in receiving, transmitting, or acting upon such notice.

**Topic No. 3**

The date(s) and manner in which Defendant first received notice, from Amazon or any other Person, that funds held in Amazon Seller account A2U7IPV36SF4UK had been released, transferred, or disbursed to Plaintiff or Plaintiff's counsel pursuant to [28], including without limitation the release of approximately $932.93 USD from that account; and the identity of each Person involved in receiving, transmitting, or acting upon such notice.

**Topic No. 4**

Defendant's retention and engagement of each attorney, law firm, or legal-services provider with respect to This Lawsuit during The Relevant Period, including without limitation Wenzhu ("Wency") Yu and AnJie Broad Law Firm; the date of first consultation, the date of formal retention (if different), and the general scope of each engagement; and the date and circumstances on which Defendant decided to challenge the default, the default judgment, or the alternative-service order [16] in this Court — but not the substance of legal advice or attorney work-product.

**Topic No. 5**

Defendant's actions and inactions during the period from October 23, 2025 through June 18, 2026 with respect to (a) This Lawsuit; (b) the entry of default or default judgment in This Lawsuit; (c) the freeze or release of funds in Amazon Seller account A2U7IPV36SF4UK; and (d) any decision to defer, withhold, or pursue a challenge to the default, the default judgment, or any order of this Court in This Lawsuit — including the identity of each Person involved in such actions or decisions and the dates of each material step, but not the substance of legal advice or attorney work-product.

DATED: September 21, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I hereby certify that on _______________, 2026, a true and correct copy of the foregoing document was sent via electronic mail to the following:

Wenzhu ("Wency") Yu
AnJie Broad Law Firm
14/F, North Tower, Beijing Kerry Centre, No. 1 Guanghua Road, Chaoyang District
Beijing, China 100020
Phone: +86 10 8567 5988
Email: Wency_Yu@anjielaw.com

*/s/ Keith A. Vogt*
Keith A. Vogt